CORRECTED

# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 21-1052V

PHILIP WISNIEWSKI,

                Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

                Respondent.

Chief Special Master Corcoran

Filed: July 30, 2025

*Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.*

*Sarah Black Rifkin, U.S. Department of Justice, Washington, DC, for Respondent.*

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On March 11, 2021, Philip Wisniewski filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of an influenza vaccine he received to his left shoulder on October 12, 2020. Petition at 1. On October 4, 2024, I issued a decision

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

awarding compensation to Petitioner, following briefing and expedited Motions Day argument by the parties. ECF No. 49.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $46,710.65 (representing $43,754.20 for fees and $2,956.45 for costs). Petitioner's Motion for Fees and Costs filed Mar. 14, 2025, ECF No. 56. In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on March 15, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 57. On March 19, 2025, Petitioner filed a reply, criticizing Respondent's hourly rate discussion and reiterating her previous fees request. ECF No. 58.

Having considered the motion along with the invoices and other proof filed in connection, I find reductions in the amount of fees to be awarded appropriate, for the reasons set forth below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

Most rates requested for work performed by all attorneys and supporting paralegals through the end of 2025 are reasonable and consistent with our prior determinations, and will therefore be adopted. Leah Durant utilized her 2024 hourly rate for one entry related to work performed in 2025. ECF No. 56-1 at 11 (entry dated 2/27/25). And she correctly reduced her rate when performing work that does not require attorney expertise. *E.g., id.* at 12 (entry dated 7/19/21). However, the proposed rates of $475.00 for 2024 time billed by Elizabeth Vitt requires further evaluation and adjustment.

Pursuant to information provided in another vaccine case,[3] involving a Fees Decisions which has yet to be posted,[4] Attorney Elizabeth Vitt has been a licensed attorney since 2006, placing her in the range of attorneys with 11-19 years' experience based on the OSM Fee Schedule for 2024.[5] Although her proposed rate of $475.00 fall within the relevant experience levels for similarly-situated attorneys, I find her specifically-requested rate to be excessive based on her lack of experience representing petitioners in the Vaccine Program. *See McCulloch v. Health & Hum. Services*, No. 09–293V, 2015 WL 5634323, at *17 (Fed. Cl. Spec. Mstr. Sept. 1, 2015) (stating the following factors are paramount in deciding a reasonable forum hourly rate: experience in the Vaccine

---

[3] In addition to a failure to provide the information needed to establish hourly rates, such as Ms. Vitt's bar date and relevant experience, the billing records for the Durant firm reference the initials only for multiple attorneys and paralegals who worked on the case. The motion contains no summary list of the full names of these individuals, which most other law firms provide. The Durant firm should include this information in all future motions, as well as more detailed information related to the experience level of any attorney or paralegal, new to the firm, who worked on the case involved.

[4] Because this Fee Decision has not yet been posted to the Court's website, *and* the time allowed for any redaction request has not yet expired, I will not further identify this case by case name or number.

[5] The Attorneys' Fee Schedule is available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules.

Program, overall legal experience, the quality of work performed, and the reputation in the legal community and community at large).

In the earlier referenced Fees Decision - not yet available to the public, I have reduced Ms. Vitt's 2024 hourly rate to $430.00. As I stated in that decision, it is therefore improper for Ms. Vitt to receive an hourly rate on the higher end of the experience range, when those rates are reserved for attorneys who also have lengthy experience representing Petitioners in the Program. Thus, based on the factors relevant to determining proper hourly rates for Program attorneys, **a rate of $430.00 is more appropriate for Ms. Vitt's time in 2024. Application of the foregoing reduces the fees to be awarded by $108.00**.[6]

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing damages to be excessive – although not egregiously so. *See* Status Report, filed Jan. 17, 2024, ECF No. 37 (reporting an impasse in the parties' damages discussions); Petitioner's Brief on Damages, filed Mar. 22, 2024, ECF No. 40; Petitioner's Reply to Respondent's Brief on Damages, June 20, 2024, ECF No. 43; Minute Entry, dated Sept. 20, 2024 (for expedited hearing that same day). Petitioner's counsel expended approximately 20.0 hours drafting the damages brief and 11.5 hours drafting a reply, totaling 31.5[7] hours. ECF No. 56-1 at 11-12.

My above calculation does not include time spent preparing the initial demand which would have informed this later work, and I am therefore awarding fees associated with that task in full. ECF No. 56-1 at 7. Nor am I counting time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is also being awarded in full. *See,* e.g., *id.* at 12 (entry dated 6/14/24).

It is unreasonable for counsel to spend so much time briefing the issue of damages in this case, where the issues presented are not complex. I have identified numerous cases (which may reasonably be compared to time spent in this matter),[8] in which

---

[6] This amount is calculated as follows: ($475.00 - $430.00) x 2.4 hrs. = $108.00. ECF No. 56-1 at 11 (entries dated 10/4/24, 10/10/24 (two entries), 10/31/24, 11/1/24 (two entries), and 11/8/24).

[7] This total is calculated as follows: 1.5 hours billed on 12/13/23, by Leah Durant at a rate of $463; and 30.0 hours billed on 3/12/24, 3/13/24, 3/22/24, 5/21/24, 6/18/24, 6/19/24, and 6/20/24, by Leah Durant at a rate of $486. ECF No. 56-1 at 11-12.

[8] Special masters may use comparisons to attorneys performing similar tasks to determine if hours are excessive. *See Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1518-1521 (Fed. Cir. 1993).

attorneys have accomplished this task in about half the time.[9]

---

[9] *See,* e.g., *Lang v. Sec'y of Health & Hum. Servs.*, No. 21-0972V (June 26, 2025) (12.3 and 7.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *McClelland v. Sec'y of Health & Hum. Servs.*, No. 24-0605V (June 24, 2025) (9.7 and 11.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Blanco v. Sec'y of Health & Hum. Servs.*, No. 22-0559V (June 16, 2025) (4.2 and 8.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Moreno v. Sec'y of Health & Hum. Servs.*, No. 21-0433V (June 13, 2025) (7.3 and 4.0 hours billed for drafting a damages brief and responsive damages brief, respectively); *Boyd v. Sec'y of Health & Hum. Servs.*, No. 21-0850V (June 13, 2025) (13.3 and 10.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Perez v. Sec'y of Health & Hum. Servs.*, No. 21-0746V (June 12, 2025) (13.4 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cohen v. Sec'y of Health & Hum. Servs.*, No. 23-1060V (June 11, 2025) (8.5 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Shaw v. Sec'y of Health & Hum. Servs.*, No. 22-1348V (January 30, 2025) (9.7 and 5.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Phillips v. Sec'y of Health & Hum. Servs.*, No. 21-0076V (January 10, 2025) (9.0 and 10.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Wirges v. Sec'y of Health & Hum. Servs.*, No. 19-1670V (Dec. 27, 2024) (16.8 and 7.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tracy v. Sec'y of Health & Hum. Servs.*, No. 20-1312V (Dec. 27, 2024) (12.5 and 5.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Tappendorf v. Sec'y of Health & Hum. Servs.*, No. 20-1592V (Dec. 27, 2024) (14.1and 7.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Stolze v. Sec'y of Health & Hum. Servs.*, No. 21-0964V (Nov. 22, 2024) (11.8 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Davidson v. Sec'y of Health & Hum. Servs.*, No. 20-1617V (Nov. 22, 2024) (14.9 and 3.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *M.F. v. Sec'y of Health & Hum. Servs.*, No. 21-0970V (Nov. Apr. 9, 2024) (13 and 7.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Axelrod v. Sec'y of Health & Hum. Servs.*, No. 21-0980V (Mar. 29, 2024) (11.9 and 12.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Benz v. Sec'y of Health & Hum. Servs.*, No. 21-1197V (Mar. 26, 2024) (19.5 and 6.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Hansler-Point v. Sec'y of Health & Hum. Servs.*, No. 21-0045V (Mar. 26, 2024) (9.6 and 4.9 hours billed for drafting a damages brief and responsive damages brief, respectively); *Dulaney v. Sec'y of Health & Hum. Servs.*, No. 20-1488V (Mar. 26, 2024) (6.6 and 0.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Glanville v. Sec'y of Health & Hum. Servs.*, No. 19-1973V (Mar. 26, 2024) (8.7 hours billed for drafting a damages brief); *Stokes v. Sec'y of Health & Hum. Servs.*, No. 19-0752V (Feb. 29, 2024) (15.3 and 8.1 hours billed for drafting a damages brief and responsive damages brief, respectively); *Richardson v. Sec'y of Health & Hum. Servs.*, No. 20-0674V (Feb. 9, 2024) (9.2 and 6.3 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edwards v. Sec'y of Health & Hum. Servs.*, No. 21-0056V (Feb. 5, 2024) (11.3 and 7.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Villa v. Sec'y of Health & Hum. Servs.*, No. 20-0569V (Feb. 5, 2024) (6.0 and 5.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Jackson v. Sec'y of Health & Hum. Servs.*, No. 20-0051V (Feb. 5, 2024) (15.4 and 7.7 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mulloy v. Sec'y of Health & Hum. Servs.*, No. 19-1396V (Nov. 6, 2023) (19.7 and 9.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Gao v. Sec'y of Health & Hum. Servs.*, No. 21-1884V (Oct. 25, 2023) (16.5 and 9.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Knasel v. Sec'y of Health & Hum. Servs.*, No. 20-1366V (Oct. 25, 2023) (11.5 and 13.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Langdon v. Sec'y of Health & Hum. Servs.*, No. 20-1311V (Oct. 25, 2023) (12.5 and 12.8 hours billed for drafting a damages brief and responsive damages brief, respectively); *Mantagas v. Sec'y of Health & Hum. Servs.*, No. 20-1720V (Oct. 17, 2023) (6.7 and 4.2 hours billed for drafting a damages brief and responsive damages brief, respectively); *Majerus v. Sec'y of Health & Hum. Servs.*, No. 20-1346V (Oct. 17, 2023) (11.0 and 4.6 hours billed for drafting a damages brief and responsive damages brief, respectively); *Cosden v. Sec'y of Health & Hum.*

Of course, having prevailed in this case, a fees award is generally appropriate. *Wisniewski v. Sec'y of Health & Hum. Servs.,* No. 21-1052V, 2024 WL 4720105 (Fed. Cl. Spec. Mstr. Oct. 4, 2024) (also found at ECF No. 49). And I awarded past pain and suffering compensation ($115,000.00) that was closer to the amount proposed by Petitioner ($125,000.00), as opposed to $82,500.00 proposed by Respondent, in this SIRVA case involving multiple surgeries. *Id.* at *2-3, 5. But the Act permits only an award of a *reasonable amount of* attorney's fees. Accordingly, I will reduce the sum to be awarded for entitlement damages briefing (**a total of 31.5 hours, or $15,274.50)**, but only by *ten percent*. Such an across-the-board reduction (which I am empowered to adopt)[10] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,527.45.**[11]

## ATTORNEY COSTS

Petitioner has provided supporting documentation for all claimed costs. ECF No. 56-2. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 57.

---

*Servs.,* No. 20-1783 (Aug. 8, 2023) (6.3 hours billed for drafting a damages brief); *Balch v. Sec'y of Health & Hum. Servs.*, No. 20-0872V (June 30, 2023) (18.7 hours billed for drafting a damages brief); *Kestner v. Sec'y of Health & Hum. Servs.*, No. 20-0025V (June 22, 2023) (6.00 and 4.10 hours billed for drafting a damages brief and responsive damages brief, respectively); *Juno v. Sec'y of Health & Hum. Servs.*, No. 18-0643V (June 14, 2023) (5.8 hours billed for drafting a damages brief); *Deutsch v. Sec'y of Health & Hum. Servs.*, No. 18-0527V (June 12, 2023) (7.4 and 4.4 hours billed for drafting a damages brief and responsive damages brief, respectively); *Edminister v. Sec'y of Health & Hum. Servs.*, No. 19-0184V (May 30, 2023) (15.3 and 3.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Aponte v. Sec'y of Health & Hum. Servs.*, No. 20-1031V (May 18, 2023) (6.9 hours billed for drafting a damages brief); *Gray v. Sec'y of Health & Hum. Servs.*, No. 20-1708V (May 18, 2023) (5 hours billed for drafting a damages brief); *Horky v. Sec'y of Health & Hum. Servs.*, No. 20-0239V (May 18, 2023) (5.8 hours billed for drafting a damages brief); *Thomson v. Sec'y of Health & Hum. Servs.*, No. 22-0234V (May 18, 2023) (9.5 and 2.5 hours billed for drafting a damages brief and responsive damages brief, respectively); *Rice-Hansen v. Sec'y of Health & Hum. Servs.*, No. 20-1338V (May 17, 2023) (12.9 and 6.1 hours billed for drafting a damages brief and responsive damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited August 4, 2024).

[10] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[11] This amount is calculated as follows: (1.5 hrs. x $463 + 30.0 hrs. x $486) x .10 = $1,527.45.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$45,075.20 (representing $42,118.75 for fees and $2,956.45 in costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[12]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[12] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.